GARDEN, JUDGE:
On a weekend in February, 1977, during the height of a series of critical snowstorms in Preston County, members of the National Guard were attempting to plow Secondary Route 7/13 in the area of the claimant’s 400-acre farm. In the course of this plowing operation, done with a bulldozer, the boom on the claimant’s 33-A power loader was struck by the bulldozer and was damaged to the extent that it was rendered irreparable. The evidence disclosed that the width of the right-of-way of Secondary Route 7/13 at and near claimant’s farm was 30 feet and that the power loader was located some 22 feet from the center of the road, or at least 7 feet from the right-of-way, clearly located on claimant’s property.
*56 The claimant testified that, during a weekend morning in February, 1977, a bulldozer operator had pushed snow from the road onto his property, and as a result, had covered the power loader with snow. Operators on the bulldozer were then switched, and the new operator, being unaware of the presence of the power loader, struck the boom while continuing the snow removal operation. Obviously, when this occurred, the operator was at least 7 feet from the edge of respondent’s right-of-way. While there was a conflict in the evidence as to whether agents of respondent were supervising the operation of the bulldozer, it was agreed that agents of respondent were generally instructing the National Guard as to which roads in Preston County the latter should devote their snow removal operations.
In line with our reasoning in the recently decided claim of Hubbs v. Department of Highways, Claim No. CC-77-83, we believe that liability for this damage must rest with the responent. Claimant testified that when the damage occurred, the cost of a new boom for the power loader was $400.00, and we therefore make an award to claimant in that amount.
Award of $400.00.